The opinion of the court was delivered by
Hornblower, C. J.
This was an action of debt upon a judgment against the plaintiff in Certiorari, entered before Samuel Willett, a justice of the peace, on the 14th of November, 1825, in favor of Service, the defendant in Certiorari. On the 4th November 1825, John D. Service by the name and description of John D. Service, Constable, brought an action of debt, before Justice Willett, against Bordine and Connett. The entry of the judgment in that case, is as follows: “ parties appeared; James Con-nett one of the defendants appeared and confessed judgment for Eighteen Dollars and eighty-thi’ee cents; whereupon I gave judgment for the plaintiff, for the aforesaid sum of Eighteen Dollars and eighty-three cents of debt, and ninety-two and a half cents costs.” In January, 1885, Service, by the name of John D. Service, late constable, sued Bordine and Connett on that judgment, before Saxton M. Tice, another justice of the peace, and in his state of demand, sets out the record of judgment before Justice Willett, as if the judgment had been rendered in his name as late constable. Service obtained judgment against Bordine and Connett, in this new action, from, which, they appealed. The Court of Common Pleas affirmed that judgment, and this Certiorari is brought, to obtain a reversal of the judgment of the common pleas. Two errors are assigned.
1st. That there is a variance between the state of demand filed in this case, and the record given in evidence. Or rather, between the record set out in the state of demand, and the one given in evidence. But this objection does not appear to be well founded. The plaintiff in this action (perhaps unnecessarily) calls himself late constable, and has so entitled his state of demand, but in the state of demand itself, he calls himself the plaintiff; and says, “the plaintiff demands, &c. on a judgment recovered by the said plaintiff, against, &c.” Who is *49 plaintiff? John I). Service, and not late Constable; those are only words of description, or addition, and may be rejected as surplusage. It is true, in the record given in evidence, the action is entitled, “ John D. Service, Constable,” and it would perhaps have been more accurate, if in his state of demand, he had alleged, that in an action brought by him, by the name of John D. Service, Constable, he had recovered, &c. But this would be requiring a degree of technicality, we have never insisted upon, in the court for the trial of small causes. In the case of Blackmore v. Flemyng, 7 T. R. 446, which was debt on a judgment, the defendant was called Hamilton Flemyns, Esq., commonly called Earl of Wigton. The defendant plead nul tiel record, and upon the record of former recovery, being produced, it appeared, that the defendant had been sued in that action, as a peer of the realm, by the name of the right Honorable Hamilton Fleming, Earl of Wigton. It is true, the court held it to be a failure of record, but gave the parties leave to amend. That was a proceeding, however, in the King’s Bench, and there was such a discrepancy in that case, as required such a decision. In one record he was sued as an Earl, and in the other, as a person commonly called, Earl of Wigton. Besides, in this country we have no statute of additions. The second reason for reversal, is that the judgment set out in the state of demand, is a judgment against two; namely Bordine and Connett; Whereas, the record produced, if a judgment at all, is only a judgment against one.
The record is as follows: “ James Connett, one of the defendants appeared, and confessed judgment for Eighteen dollars and eighty-three cents: whereupon I gave judgment for the plaintiff, for the aforesaid sum of,” &c.
This proceeding, was undoubtedly erroneous, but nevertheless, it was a judgment for the plaintiff, and a judgment in that action, and therefore a judgment against both of the defendants in that action: and we cannot in this collateral manner, reverse that judgment. It must stand and be treated as a judgment, until set aside by a direct proceeding for that purpose. The judgment of the Common Pleas, must therefore, be affirmed.
Foiíd and Ryebsok, Justices, concurred.

Judgment affirmed..